# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| BUCKLE UP FESTIVAL, LLC, et al., | : | Case: 1:16-cv-241 |
| | : | JUDGE BARRETT |
| Plaintiffs, | : | |
| | : | **PLAINTIFFS' MOTION FOR** |
| V. | : | **RECONSIDERATION OF ORDER GRANTING, IN PART,** |
| CITY OF CINCINNATI, et. al., | : | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Defendants | : | |

Pursuant to Fed. R. Civ. P. 54(b), Plaintiffs respectfully request the Court to reconsider its Order granting Defendant's Motion for Judgment on the Pleadings (Doc. 14) in light of deposition testimony by Defendants' witnesses. As is more fully set forth below, Defendants' witnesses, Kim Perry, Senior Accountant in charge of Admissions Tax as well as John Walsh, former Treasurer, both testified that Section 309 of the Cincinnati Municipal Code is vague and obscure. Thus, this removes the basis for the Court's rationale in concluding that Plaintiffs cannot establish that Section 309-3 is impermissibly vague.

In light of these admissions by Defendant, Plaintiffs request that the Court reconsider its prior Order (Doc. 14) and deny Defendant's Motion for Judgment on the Pleadings (Doc. 7), and enter judgment for Plaintiffs on their claims that Section 309-3

1

\#

is vague and denied Plaintiffs their rights to due process. Plaintiffs also request that the Court set a schedule for briefing on the remedy for this violation.

## MEMORANDUM IN SUPPORT

### I. RECONSIDERATION OF PRIOR ORDER

**Plaintiffs have established viable claims.**

The testimony of both of Defendants' witnesses, its Admissions Tax administrator, Kim Perry, and its Treasurer (at the time John Walsh) has critically impacted this case by providing unequivocal admissions that Cincinnati's Ordinance relating to Admissions taxes is vague.

In its Order granting Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' vagueness claim, this Court held:

> The vagueness doctrine has two primary goals: "(1) to ensure fair notice to the citizenry and (2) to provide standards for enforcement [by officials]." *White Oak Prop. Dev., LLC v. Wash. Tp., Ohio*, 606 F.3d 842, 847 (6th Cir. 2010) (citing *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 551 (6th Cir. 2007)). As such, a law is void for vagueness if it fails to provide a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). In addition, "[a] vague law impermissibly delegates basic policy matters to [officials] for resolution on an ad hoc and subjective basis." *White Oak*, 606 F.3d at 847.

(Doc. 14, at p. 5).

After this Court's Order was entered, Plaintiffs took the depositions of Cincinnati's two witnesses (filed separately). Both Ms. Perry and Mr. Walsh repeatedly acknowledged that the Ordinance was vague.

In Ms. Perry's deposition:

*Q. And is it fair to say your interpretation of this section, as well as the entire Chapter 309, is the same as the City interprets it, correct? Put another way, you are speaking here on behalf of the City?*

> *A. Yes.*
> *Q. You, Kim Perry, don't have a different interpretation of this code than the City does, do you?*
> *A. Right, no.*
> (Depo. of Kim Perry, p. 38:9 to 38:18)
>
> *  *  *
>
> *Q. So, Kim, "accommodations" relates to the seats, chairs, tables and benches, correct?*
> *A. "And other similar accommodations and charges" could mean anything. That's what I mean.* **It is vague**, *but -- "and other" -- "and other similar accommodations," I interpret can mean anything.*
> (Emphasis added) (Depo. of Kim Perry at p. 43:22 to p. 44:3).
>
> *Q. Okay.*
> *A. And then Mr. Donabedian responded that he thinks* **the code is vague, which it is,** *that Mr. Donabedian said he did not get a definitive answer from me, but he was told two times by me that it was.*
> (Emphasis added)  (Depo. of Kim Perry at p. 108:13 to 108:18).

Former Treasurer John Walsh also echoed Ms. Perry's representations that the Ordinance is vague.

> *Q. Okay.  Have you heard anything about potential changes to the admissions tax code?*
> *A. I think there has been some discussion about bringing it up to date, changing some of the terminology.*
> *Q. Okay. What needs to be updated with that?*
> *A. Well*, **I think some of the language is obscure** *or old-fashioned. Like I said, it hasn't been update since, I think you said, 1972.*
> *Q. Well, I think that's when Ms. Perry said it was established.  There may be some amendments in there.*
> *A. Okay.*
> *Q. I think I noticed there was something from 2010.  But that's fine.  So what is outdated about it?*
> *A. Oh, I think some things like the fact that the first $1.05 is not subject to tax is one example.* **You know, I think some of the wording needs to be cleaned up, made a little bit more clear.**

Depo. Of John Walsh, at pages 14:5 to 15:1

\*\*\*

3

#

>    Q.   What language within the code section do you think is vague or might need clarity?
>    A.   Oh, I don't know.  I would probably have to go through it in detail.
>    Q.   Well, what do you recall?  You know, you were the City treasurer for eight years and you worked there for many years.  What do you recall that was sort of an issue or a concern or something that, hey, may need to be explained better to the Cincinnati citizen who might be beholden to paying admissions taxes?
>    MS. BENJAMIN:  And I'm just going to make one objection on the record so that you can go on down this line --
>    MR. SMYTH:  Thank you.
>    MS. BENJAMIN:  -- of questioning.  My objection would be to relevance.  The Court has already ruled that the statute is void for vagueness, so I think this line of questioning doesn't pertain to the equal protection claim that we are here for.  That is my blanket objection.  Now you can go ahead and ask all of your questions.
>    MR. SMYTH:  Thank you.
>    A.   Okay.  Well, I do think some of the things that Mr. Donabedian brought up as far as, you know, seating or otherwise **can lead to confusion**. So that would be one example.
>    (Emphasis added)  (Depo. of John Walsh, Pages 16:5 to 17:8).

\*\*\*

>    Let's talk about 309-1-A, "Admission," on the front page there.  You said that there were some discussions or, obviously, there is an issue relating to the clarity of that language, right?
>     A.   Well, I think sometimes the general public may have a -- **it may not be real clear to the general public what could be subject to admissions tax.**
>    Q.   Why is that?
>     A.   Well, I think because we use the wording "reserved or otherwise."  "Or otherwise."
>    Q.  What does that mean?
>    A.  What does it mean?  Well, I can tell you how we interpreted it or how we practiced it.
>    Q.  Okay.
>    A.  "Or otherwise," the way we interpreted that was, you know, any admission paid, whether it's a seat or no seat or a walking – you know, a tour event, we charged admissions tax.  So, really, the guideline for admissions tax is pretty straightforward, in my opinion.  If the general public pays to get into an event that is open to the public and the person that receives the benefit of that admission is not a 501(c)(3) organization, that it is subject to admissions tax.
>    Q.  Okay.  But you would agree that that section regarding "Admission" specifically deals with "seats, chairs, tables and benches," correct?
>    A.  No.  I mean, that's what it states in here, and it says "reserved or otherwise." **I think "otherwise" is the ambiguous wording**.
>     Q.  What is ambiguous about that?
>     A.  What does "otherwise" mean?
>    (Emphasis added) (Depo. of John Walsh Pages 17:21 to 19:5).

4

\#

Indeed, Mr. Walsh testified that the Treasurer's office would selectively grant exemptions to the Admissions Tax requirement even though those exemptions were found nowhere in the Ordinance itself – and thus created solely by the Treasurer's office on whim.

> Q. All right. What would not be applicable under this 309-1-A? What would not fall under that as an admission, in your opinion as the former treasurer?
> A. If it was a -- again, if the organization who received the benefits from the admission, if they received 100 percent of the benefits and they were a charitable organization.
> Q. Okay. Now, that's an exemption.
> A. That's an exemption.
> Q. That's a special: Here is the general rule. Here is the exemption.
> A. Okay.
> Q. What would not fall under those?
> A. Not many. The only thing I can possibly think of is a truly private club. Truly private. Which we found very few of.
> Q. Okay. What does that mean?
> A. That would be, like, we would have entities argue that, "We are a private club," meaning, you know, only certain individuals can – I can't just come to your club and get in. I have to be a member of the club.
> Q. Okay.
> A. It's not open to the general public.
> Q. Okay. And is that exception spelled out in the chapter, in the code?
> A. **Actually, I don't think it is.**
> Q. Okay. So then why is that an exemption?
> A. Because it's not open to the general public.
> Q. I know, but you said it's not in here. So how would one know whether or not that would be applicable? Do you understand my question?
> A. Uh-huh.
> Q. I mean, I understand your position is, Hey, this -- it wouldn't apply if you were a private club. And my question is: Where in the code does it except -- e-x-c-e-p-t -- private clubs, and you said it's not in there. And I believe you. I don't think it's in there. And my question is:
> How would one know, as a potential taxpayer, that a private club would be excepted or not excepted?
> A. I don't know.
>
> Depo. Of John Walsh Pages 23:1 to 24:20

#

Although this Court held that the Ordinance was not a criminal statute, at 309-99, the Ordinance does, in fact, provide for criminal penalties.

> *Whoever violates any provision of this section shall be **guilty of a minor misdemeanor**. Upon conviction for a second or other subsequent offense an offender shall, if a corporation, be fined not more than $500, or if an individual, or a member of a partnership, firm, or association, be fined not more than $**100 or imprisoned not more than 60 days or both***.

Fed. R. Civ. Proc. 54(b) provides that any order or decision that adjudicates fewer than all the claims may be revised at any time before the entry of a judgment adjudicating all the claims. District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). This authority allows district courts to afford such relief from interlocutory orders as justice requires. *Id.* Under the "as justice requires" standard, a motion to reconsider a previous order is warranted where there is: (1) an intervening change in controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Northeast Ohio Coalition for Homeless v. Brunner*, 652 F.Supp.2d 871, 877 (S.D. Ohio 2009).

The testimony of Cincinnati's two witnesses is new evidence which justifies reconsideration of this Court's prior order. At the time of this Court's Order, (because it was on a Motion for Judgment on the Pleadings) the testimony of Cincinnati's witnesses was unavailable. That testimony does more than create an issue of fact as to Plaintiffs' vagueness claims, it confirms it. And justifies reconsideration of the Order and entry of judgment in Plaintiffs' favor.

6

\#

In conclusion, Plaintiffs request that this Court reconsider its prior Order, deny Defendant's Motion for Judgment on the Pleadings, and enter judgment for the Plaintiffs on its claim that the Ordinance is vague

        Respectfully submitted,

        **/s/ Robert M. Smyth**_____
Robert M. Smyth (0063482)
Smyth & Mullin, LLC
250 E. Fifth Street, Suite 1500
Cincinnati, OH 45202
Phone:  (513) 878-2646
Fax: (513) 562-1505
Email:  bob@smythlawllc.com
*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk using the CM/ECF system this 25th day of September, 2017.  Notice of this filing will be automatically sent to all counsel of record.  Such notice constitutes service.

        **/s/ Robert M. Smyth**_____
Robert M. Smyth (0063482)

#