**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Buckle Up Festival, LLC, *et al.*,

       Plaintiffs,                                          Case No. 1:16cv241

       v.                                                      Judge Michael R. Barrett

City of Cincinnati., *et al.*,

       Defendants.

**OPINION & ORDER**

This matter is before the Court upon Plaintiffs' Motion for Reconsideration. (Doc. 16). Defendants filed a Response in Opposition (Doc. 19), and Plaintiffs filed a Reply (Doc. 21). Plaintiffs are seeking reconsideration of this Court's February 15, 2017 Order granting in part and denying in part Defendants' Motion for Judgment on the Pleadings. (Doc. 14).

**I.    BACKGROUND**

The facts of this case are provided in the Court's Opinion and Order (Doc. 14, PageID at 131-133), and the same will not be repeated here.

Plaintiffs bring claims for constitutional violations under 42 U.S.C. § 1983. Plaintiffs' claims are based on Section 309-3 of the Cincinnati Municipal Code, which requires an admission tax to be paid to the city of Cincinnati based on amounts paid for admission to any public performance for profit in the city. Section 309-3 of the Cincinnati Municipal Code provides:

> For the purpose of providing revenue to defray a portion of current expenses and other expenditures of the city of Cincinnati, there is hereby levied:

> (a) A tax of 3 percent on the amounts paid for admission to any place in the city of Cincinnati, including admission by season ticket or subscription, and including resale of admissions.
>
> (b) A tax of 3 percent on the amounts paid for admission to any public performance for profit at any place in the city of Cincinnati in case the charge for admission is in the form of a service charge or cover charge, or a similar charge in whatsoever form, provided, that if such charge is in the form of a fixed minimum service charge to the admittee which includes provision of food, beverages or similar services, the tax shall be computed upon one-third of such fixed minimum service charge.
>
> (c) A tax of 3 percent on the annual membership dues paid to every club or organization maintaining a golf course in the city of Cincinnati, and a tax of 3 percent on green fees, paid to golf courses in the city of Cincinnati, either under club or private ownership.
>
> The above taxes are to be paid by the purchaser or payor, collected by the vendor as trustee for the city of Cincinnati, and returned and paid by the vendor in the manner and subject to the interest provided in Section 309-9. The amounts taxed hereunder shall include service charges paid in connection with sales of admissions; and in the case of resale of admissions shall be reduced by the price paid for such admissions by the reselling vendor, provided that such price is verified to the satisfaction of the city treasurer.

Cincinnati Municipal Code § 309-3. Section 309-1-A states that "admission" as used in Section 309-3 "shall include seats, chairs, tables and benches, reserved or otherwise, and other similar accommodations and charges made therefor."

In its Opinion and Order on Defendants' Motion for Judgment on the Pleadings, the Court dismissed Plaintiffs' claim that Section 309-3 is unconstitutionally vague and therefore violates due process. Plaintiffs are seeking reconsideration of that ruling, based in part on the testimony of two witnesses. The first witness is Kim Perry, the City's Admissions Tax administrator. Perry testified that "'And other similar accommodations and charges' could mean anything. That's what I mean. It is vague, but 'and other' – 'and other similar accommodations,' I interpret can mean anything." (Doc. 16, PageID

2

146). The second witness is John Walsh, the City's former treasurer, who stated: "I think some of the language is obscure" and "[y]ou know, I think some of the wording needs to be cleaned up, made a little bit more clear." (Doc. 16, PageID at 146). Walsh also stated, "it may not be real clear to the general public what could be subject to admissions tax." (Doc. 16, PageID at 147). Plaintiffs maintain the testimony of these two witnesses is new evidence which justifies reconsideration of this Court's prior order.

Plaintiffs also maintain that this Court erred in stating that Section 309-3 is not a criminal statute, and applying a less stringent standard of review to the ordinance as part of the Court's analysis.

## II.    ANALYSIS

### A. Standard of Review

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion to amend judgment under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991). There are three grounds for amending a judgment under Rule 59: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). However, a motion made under Rule 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). The court should use its "informed discretion" in deciding whether to grant or deny a Rule 59(e) motion. *Huff v. Metro. Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982).

3

Here, Plaintiffs seek reconsideration based on newly discovered evidence and a clear error of law. The Court finds that the newly discovered evidence is not a basis for reconsidering the Court's previous Order. In that Order, the Court was deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). On a motion under Rule 12(c), if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 502-503 (6th Cir. 2006).

However, as Plaintiffs point out, in deciding the motion for judgment on the pleadings, the Court ruled:

> Plaintiffs argue that Section 309-3 impermissibly delegates basic matters to the City for resolution only on an ad hoc and subjective basis which has led to arbitrary and unbridled discretionary enforcement. However, the Court notes that Section 309-3 is not a criminal statute, and there is no danger of arbitrary penal sanctions or government imposed stigma. *See Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 552 (6th Cir. 2007). Under this less stringent standard of review, this Court concludes that Plaintiffs cannot establish that Section 309-3 is impermissibly vague. Therefore, Plaintiffs claim that Section 309-3 is unconstitutionally vague is DISMISSED.

(Doc. 14, PageID 136). Plaintiffs also point out that contrary to this Court's statement that Section 309-3 is not a criminal statute, the ordinance does in fact provide for criminal penalties. In Section 309-99, the Cincinnati Municipal Code provides:

> Whoever violates any provision of this section shall be guilty of a minor misdemeanor. Upon conviction for a second or other subsequent offense an offender shall, if a corporation, be fined not more than $500, or if an individual, or a member of a partnership, firm, or association, be fined not more than $100 or imprisoned not more than 60 days or both.

Cincinnati Municipal Code § 309-99. Because the Court committed a clear error of law, the Court will reconsider its ruling dismissing Plaintiffs' claim that Section 309-3 is unconstitutionally vague and therefore violates due process.

4

The Court reconsiders Defendant's Motion for Judgment on the Pleadings under the same standard of review as a Rule 12(b)(6) motion. *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005).  That is, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).  Accordingly, the Court will base its decision on the allegations in the complaint.

### A. Section 1983

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) the plaintiff was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law. *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Marcilis v. Twp. of Redford*, 693 F.3d 589, 595 (6th Cir. 2012)).

### B. Vagueness

The Due Process Clause "prohibits the Government from taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Beckles v. United States*, 137 S.Ct. 886, 892 (2017) (internal quotation marks omitted) (quoting *Johnson v. United States*, 135 S.Ct. 2551, 2556, (2015)).

"The degree of vagueness that the Constitution tolerates—as well as the relative importance of fair notice and fair enforcement—depends in part on the nature of the

enactment." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). Civil laws are held to a less strict vagueness standard than criminal laws "because the consequences of imprecision are qualitatively less severe." *Id.* at 498-99.

"[I]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Krumrei*, 258 F.3d 535, 537 (6th Cir. 2001) (quoting *United States v. Powell*, 423 U.S. 87, 92, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975)). Therefore, Plaintiffs bear the burden of establishing "that the statute is vague as applied to this particular case, not merely that the statute could be construed as vague in some hypothetical situation." *Krumrei*, 258 F.3d at 537 (citing *United States v. Avant*, 907 F.2d 623, 625 (6th Cir.1990)).[1]

As the Supreme Court has explained, the analysis is as follows:

> void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); *Smith v. Goguen*, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974); *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of vagueness doctrine "is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement." *Smith, supra*, 415 U.S. at 574, 94 S.Ct., at 1247–1248. Where the legislature fails

---

[1]The Supreme Court has explained that a court must "consider whether a statute is vague as applied to the particular facts at issue, for '[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010) (quoting *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)).

> to provide such minimal guidelines, a criminal statute may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." *Id.*, at 575, 94 S.Ct., at 1248.

*Kolender v. Lawson*, 461 U.S. 352, 357–58, 103 S. Ct. 1855, 1858, 75 L. Ed. 2d 903 (1983). In other words, a criminal statute is unconstitutionally vague when "it fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008). However, "perfect clarity and precise guidance have never been required." *Id.*

The City maintains that Section 309-1-A applied to Plaintiffs because "admission" includes not only seats, but "other similar accommodations and charges." The City argues that Plaintiffs provided "accommodations" to patrons when it provided access to an area to participate in festivities not available to the general public. As this Court noted in its previous Order, the Oxford English Dictionary defines "accommodations" as "room and provision for the reception of people, esp. with regard to sleeping, seating, or entertainment; living premises, lodgings." Arguably, based upon this dictionary definition, this language is sufficiently clear to provide notice to citizens of what falls within the scope of Section 309-3. However, a criminal law can also be held to be void for vagueness on discretionary enforcement grounds "if it is an unrestricted delegation of power, which in practice leaves the definition of its terms to law enforcement officers, and thereby invites arbitrary, discriminatory and overzealous enforcement." *Dambrot v. Central Michigan Univ.*, 55 F.3d 1177, 1183–84 (6th Cir.1995). The key question is whether the provision "provide[s] explicit standards guiding [its] enforcement." *Platt v. Bd. of Commissioners on Grievances & Discipline of Ohio Supreme Court*, 894 F.3d 235, 252 (6th Cir. 2018)

(quoting *United Food & Commercial Workers Union, Local 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 359 (6th Cir. 1998)). On this front, Section 309-3 fails. In practice, the dictionary definition for "accommodations" falls short of providing minimal guidelines to those who enforce this section of the Municipal Code. Plaintiffs allege that Defendants did not require them to pay the admissions tax for its 2012 Bunbury music festival, but did require them to pay the tax for the 2013 Bunbury music festival. (Doc. 2, ¶¶ 19, 21). This allegation supports Plaintiffs' claim that Section 309-3 is vague, and therefore leads to arbitrary, discriminatory and overzealous enforcement.

### III. CONCLUSION

Based on the foregoing, Plaintiffs Motion for Reconsideration (Doc. 16) is **GRANTED**. After reconsidering this Court's February 15, 2017 Order granting in part and denying in part, Defendants' Motion for Judgment on the Pleadings (Doc. 14), the Court finds that Defendants' Motion for Judgment on the Pleadings is GRANTED as to Plaintiffs' claim that the City deprived them of procedural due process; and DENIED as to Plaintiffs' claims that Section 309-3 is unconstitutionally vague and violates the equal protection clause of the Fourteenth Amendment and Ohio's constitution.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                    JUDGE MICHAEL R. BARRETT