UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Buckle Up Festival, LLC, *et al.*,

    Plaintiffs,

v.

City of Cincinnati., *et al.*,

    Defendants.

Case No. 1:16cv241

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court upon Motions for Summary Judgment filed by Plaintiffs Buckle Up Festival, LLC, Bunbury Festival, LLC (Doc. 28); and Defendants City of Cincinnati and Nicole Lee, Treasurer (Doc. 29). These motions have been fully briefed. (Docs. 30, 31, 34, 35).

This matter was removed to this Court from the Hamilton County Court of Common Pleas. (Doc. 1). Plaintiffs bring claims for constitutional violations under 42 U.S.C. § 1983 based on Section 309-3 of the Cincinnati Municipal Code, which provides:

> For the purpose of providing revenue to defray a portion of current expenses and other expenditures of the city of Cincinnati, there is hereby levied:
>
> (a) A tax of 3 percent on the amounts paid for admission to any place in the city of Cincinnati, including admission by season ticket or subscription, and including resale of admissions.
>
> (b) A tax of 3 percent on the amounts paid for admission to any public performance for profit at any place in the city of Cincinnati in case the charge for admission is in the form of a service charge or cover charge, or a similar charge in whatsoever form, provided, that if such charge is in the form of a fixed minimum service charge to the admittee which includes provision of food, beverages or similar services, the tax shall be computed upon one-third of such fixed minimum service charge.

> (c) A tax of 3 percent on the annual membership dues paid to every club or organization maintaining a golf course in the city of Cincinnati, and a tax of 3 percent on green fees, paid to golf courses in the city of Cincinnati, either under club or private ownership.
>
> The above taxes are to be paid by the purchaser or payor, collected by the vendor as trustee for the city of Cincinnati, and returned and paid by the vendor in the manner and subject to the interest provided in Section 309-9. The amounts taxed hereunder shall include service charges paid in connection with sales of admissions; and in the case of resale of admissions shall be reduced by the price paid for such admissions by the reselling vendor, provided that such price is verified to the satisfaction of the city treasurer.

Cincinnati Municipal Code § 309-3. Section 309-1-A states that "admission" as used in Section 309-3 "shall include seats, chairs, tables and benches, reserved or otherwise, and other similar accommodations and charges made therefore." In Section 309-99, the ordinance provides for criminal penalties:

> Whoever violates any provision of this section shall be guilty of a minor misdemeanor. Upon conviction for a second or other subsequent offense an offender shall, if a corporation, be fined not more than $500, or if an individual, or a member of a partnership, firm, or association, be fined not more than $100 or imprisoned not more than 60 days or both.

Cincinnati Municipal Code § 309-99.

Plaintiffs claim Section 309-3 is unconstitutionally vague and was selectively enforced against them in violation of their Fourteenth Amendment right to equal protection. Plaintiffs seek a declaration that Section 309 violates the United States and Ohio Constitutions; a declaration that the City's empowerment of unfettered discretion to determine when an admissions tax is required and paid is unlawful; compensatory damages; costs; attorney fees; punitive damages; and any other relief the Court deems proper. (Doc. 2)

The Court is now compelled to raise an issue which has not been raised by the

2

parties, and which unfortunately escaped the Court's attention before this time. However, this Court has an obligation to raise the issue *sua sponte* as to whether this Court has jurisdiction over Plaintiffs' claims in light of the Tax Injunction Act, 28 U.S.C. § 1341. *See Pegross v. Oakland Cty. Treasurer*, 592 F. App'x 380, 386 (6th Cir. 2014) (citing *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte.")).

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Tax Injunction Act "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Tully v. Griffin, Inc.*, 97 S. Ct. 219, 222 (1976). The Act bars claims that a state tax is illegal or unconstitutional. *Id.* (finding that the Act prevented federal litigation of a claim that a state tax violated the Commerce, Due Process, and Equal Protection Clauses); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 378 (6th Cir. 1993) ("Th[e] exclusion of federal courts from the state taxation area is so far reaching it precludes federal courts from declaring state tax laws unconstitutional."). The Supreme Court has held that the Act's reference to "any tax under State law" encompasses local taxes imposed by county or municipal governments acting under the authority of state law. *See Hibbs v. Winn*, 542 U.S. 88, 100 n. 1, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004). In addition, the Sixth Circuit has explained that "[t]he doctrine of comity, which is 'more embracive than the TIA,' forbids suits for damages under 42 U.S.C. § 1983 brought to

3

remedy allegedly unconstitutional state tax assessment or collection." *Pegross v. Oakland Cty. Treasurer*, 592 F. App'x 380, 385 (6th Cir. 2014) (quoting *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 424, 130 S.Ct. 2323, 176 L.Ed.2d 1131 (2010)).

Although the express language of the Tax Injunction Act only refers to injunctive actions, the Supreme Court has held that the Tax Injunction Act also prohibits federal courts from issuing declaratory judgments holding state tax laws unconstitutional. *California v. Grace Brethren Church*, 457 U.S. 393, 408, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982); *see also Kunkle v. Fulton Cnty. Bd. of Comm'rs*, 922 F.2d 841 (6th Cir.1991). In addition, "it is generally recognized that federal suits for state tax refunds are also barred by the Act." *Coleman v. Campbell Cnty. Library Bd. of Tr.*, 901 F. Supp. 2d 925, 929-30 (E.D. Ky. 2012) (collecting cases). Therefore, this Court cannot consider Plaintiffs' claim for declaratory judgment and the request for compensatory damages against Defendants unless the State of Ohio offers no plain, speedy and efficient remedy.[1]

"A state remedy is plain, speedy and efficient if it provides the aggrieved party with a 'full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax,' with ultimate review available in the United States Supreme Court." *Colonial Pipeline Co. v. Morgan*, 474 F.3d 211, 218 (6th Cir. 2007) (quoting *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 514 (1981)). The Sixth Circuit has

---

[1] The Sixth Circuit has indicated that a state or city waives the protection of the principle of comity in state tax matters when the state or city removes the action to federal court. *See Howard v. City of Detroit*, 73 Fed.Appx. 90, 94 (6th Cir. 2003). However, every other federal court to consider the matter has found to the contrary. *See District Lock & Hardware, Inc. v. D.C.*, 808 F. Supp. 2d 36, 43 (D.D.C. 2011) (collecting cases); *see also Coleman v. Campbell Cty. Library Bd. of Trustees*, 901 F. Supp. 2d 925, 931 (E.D. Ky. 2012) (finding that the Supreme Court's decision in *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981) is written in a mandatory fashion "and thus can be read to mean that the Supreme Court has renounced jurisdiction over § 1983 actions seeking damages in state taxation cases when state law provides an adequate remedy.").

found that Ohio provides a plain, speedy and efficient remedy through Ohio Revised Code § 2723.01. *Laborde v. City of Gahanna*, 561 F. App'x 476, 480 (6th Cir.2014). The statute provides:

> Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected.

Ohio Rev.Code § 2723.01. This provision provides a mechanism in state court for raising any and all constitutional objections to a municipal tax. *Denver Ticket Co. v. City of Cleveland*, No. 1:12 CV 00833, 2015 WL 1530618, at *2 (N.D. Ohio Apr. 6, 2015). Accordingly, this Court is deprived of jurisdiction and must remand this case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Based on the foregoing, this matter is **REMANDED** to the Hamilton County Court of Common Pleas. The pending motions for summary judgment must be decided by the presiding state court judge on remand. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                   */s/ Michael R. Barrett*
                                                  JUDGE MICHAEL R. BARRETT